UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DEWAYNE NELSON | CIVIL ACTION |
| VERSUS | NO: 23-00375 |
| LOUISIANA STATE | SECTION: T |

## ORDER AND REASONS

Before the Court is Michael DeWayne Nelson's Objection (R. Doc. 11) to the Magistrate Judge's Report and Recommendation (R. Doc. 10) to dismiss with prejudice his Petition for a Writ of Habeas Corpus (R. Doc. 3), because it was not timely filed.

Nelson filed his Petition seeking relief under 28 U.S.C. § 2254 challenging his current custody. Nelson was charged by bill of information in Tangipahoa Parish with possession of a firearm by a convicted felon and aggravated assault with a firearm. He entered a no contest plea to aggravated assault with a firearm, and the felon in possession of a firearm charge was *nolle prossed*. He was sentenced to ten years at hard labor, but the sentence was suspended, and he was placed on probation for five years. Petitioner's conviction became final on June 15, 2017, because he did not seek reconsideration of sentence or move for leave to appeal. He was subsequently arrested on federal charges and state revocation proceedings commenced thereafter.

In his Petition, Nelson asserts the following claims: (1) ineffective assistance of counsel in failing to investigate the case, interview witnesses, learn of his cooperation with the police, and learn that Hammond Police Detective Bergeron coerced him to enter a plea; (2) his no contest plea

1

was not knowingly, intelligently, and voluntarily entered; and (3) Detective Bergeron improperly influenced and coerced his plea. The State filed a response to the Petition, asserting that (1) the petition was not timely filed; (2) Nelson failed to exhaust claims two and three, and thus they are procedurally defaulted; (3) Nelson does not meet the custody requirement; and (4) the claims are meritless.

The Magistrate Judge in the Report and Recommendation initially determined that Petitioner was "in custody" for the purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. The Magistrate Judge then went on to find that the petition was not timely filed within the time limitation of one year set forth in the AEDPA, 28 U.S.C. § 2244(d), and should therefore be dismissed. The Magistrate Judge first determined that the petition was filed more than one year after his conviction became final on June 15, 2017, or some 1645 days late, and thus was time-barred unless the statute of limitations was interrupted or otherwise tolled by statutory tolling or equitable tolling. The Magistrate Judge first determined there was no statutory tolling as a result of a "properly filed" state application because Nelson's counseled state application for post-conviction relief was filed eight months after the one-year federal time limitation had elapsed. Thus, the Magistrate Judge concluded "there was nothing to toll." R. Doc. 10, p. 10. The Magistrate Judge next found no equitable tolling was warranted in Petitioner's case, because there was no showing that he was actively misled or prevented in some extraordinary way from asserting his rights. Finally, the Magistrate Judge reviewed the evidence in the record and concluded that Petitioner had failed to establish "actual innocence" and therefore cannot establish

2

a "gateway through which a petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." R. Doc. 10, p. 12 (quoting *McQuiggin v. Perkins*, 589 U.S. 383, 386 (2013)).

In his objection, Petitioner asserts basically two arguments. First, he contends that his state application for post-conviction was properly filed under state law, and thus it should toll the time limitation for his federal petition. He cites to *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999), for the proposition that a "properly filed" state petition will toll the running of the time limitation in the AEDPA. In that case, the Court held that a successive state application was a properly filed application under Texas law. However, that case is unavailing to Petitioner's argument, because the majority there nevertheless observed that "the tolling will last only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period." 184 F.3d at 472 (citing *Flannagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)). Therefore, the *Villegas* majority pointed out, "a prisoner will not be able to revive an expired limitation period simply by filing a state petition in conformity with basic procedural requirements." *Id.* Here, the time limitation for filing Nelson's federal petition under the AEDPA had expired before he filed his state application, and thus the Magistrate Judge correctly found "there was nothing to toll."

Petitioner's second objection is similarly without merit. Essentially, Petitioner finds fault in the Magistrate Judge's determination that the affidavits of certain witnesses recanting their statements and testimony were not reliable. The Magistrate Judge, however, conducted a thorough

3

review of the evidence submitted by Petitioner to support his claim of "actual innocence." *See* R. Doc. 10, pp. 12-22. The Court after its *de novo* review of the evidence and testimony submitted by both Petitioner and the State finds no error in the Magistrate Judge's conclusion that Petitioner, who had pleaded no contest, has not provided evidence sufficiently reliable and persuasive enough to satisfy the actual innocence gateway standard articulated in *Schlup v. Delo*, 513 U.S. 298, 329 (1995)("a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

Accordingly, the Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and having conducted a *de novo* review with regard to the objections to the Magistrate Judge's Report and Recommendation lodged by Petitioner Nelson, hereby finds no merit to those objections, approves the Report and Recommendation of the United States Magistrate Judge, and adopts it as its opinion in this matter.  Therefore,

**IT IS ORDERED** that the petition of Michael Dewayne Nelson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of April 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE